UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY HICKMAN,

    Plaintiff,                             Case No. 18-cv-14057

v.                                               Hon. Matthew F. Leitman

CITY OF WESTLAND, *et al.*,

    Defendants.
_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF Nos. 34, 36) TO THE MAGISTRATE JUDGE'S ORDERS ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DEFENDANT'S MOTION FOR A PROTECTIVE ORDER, AND (2) SUSTAINING DEFENDANT'S OBJECTIONS (ECF Nos. 33, 35) TO THE MAGISTRATE JUDGE'S ORDER ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

        In this action, Plaintiff Jerry Hickman alleges that Defendant City of Westland and Defendant City of Westland police officers violated Hickman's Fourth and Fourteenth Amendment rights by subjecting him to a body cavity search in a Westland holding cell. During discovery, Hickman sought documents related to all body cavity or strip searches that Defendants had performed on arrestees during the ten years before the search of Hickman. The assigned Magistrate Judge granted Hickman's motion to compel the production of such documents, but the Magistrate Judge also ordered that the identities of such arrestees be redacted. Both parties have filed objections to the Magistrate Judge's orders, and on April 7, 2020, the Court

1

held a telephonic hearing on the matter. For the reasons explained below, the Court **OVERRULES** Plaintiff's objections and **SUSTAINS** Defendants' objections.

**I**

In this action, Plaintiff Jerry Hickman alleges that defendant City of Westland police officers performed an illegal body cavity search on him. (*See* Compl., ECF No. 1.) Hickman brings claims under 42 U.S.C. § 1983 for excessive use of force and unlawful search and seizure, as well as state law claims for assault, battery, and intentional infliction of emotional distress. (*See id.*, PageID.9–15.) Hickman also brings a municipal liability and supervisory liability claim under § 1983 against Defendant City of Westland and Defendant Officer Lieutenant Novakowski. (*See id.*, PageID.15–18.)

The parties proceeded with fact discovery, which has since closed. The issue currently pending before the Court stems from Hickman's Request for Production No. 26, which requested:

> Any and all documents relating to Defendant Officer's body cavity or strip search of any civilian with the City of Westland's Police Department and/or with its agents / officers for the past 10 years from the date of incident alleged in the Complaint. This request includes, but is not limited to: any documents supplied to the insurer regarding complaint histories, civilian complaints, and prior complaint register files. This request encompasses ALL files, including any deemed confidential files, internal affairs files, regardless of whether the file is "open" or "closed." If you intend to assert the investigatory privilege with respect to "Open" complaint

files, please provide a privilege log for that file, which indicates the last time any "investigation" was performed on that file, and of course, which also describes the documents contained within the file the Village is withholding. If after diligent inquiry you discover that the requested document(s) or other tangible item(s) never existed, please state so under oath. If after diligent inquiry, you discover that the requested document or other tangible item did, but no longer, exists, please state so under oath and give any known details regarding the loss or destruction of the document(s) or other tangible item(s).

(Pl.'s Mot. to Compel Discovery, ECF No. 17, PageID.105.)

Defendants objected to this request as follows:

Defendant objects to this request to produce as it violates the Fed R Civ P 26(b), is vague and overbroad, seeks information not relevant to any claim or defense, not proportional to the needs of the case, unjustified based on the parties' relative access to relevant information, and the lack of importance of the majority of this voluminous request in resolving the issues raised in the Complaint. Defendant further objects as the burden and expense to be incurred in producing the material sought outweighs its likely benefit. Moreover, the information sought is not reasonably calculated to lead to admissible evidence and, in addition to being unduly burdensome, the request to produce is imposed for the purpose of annoyance, embarrassment, and oppression, rendering it subject to Fed R Civ P 26(c).

Defendant does not believe that any body cavity search[s] were performed in the last 10 years. Had a body cavity search been undertaken, a search warrant would have been obtained. Strip search forms are only readily available from 2016. Strip search forms through March 2019 are provided, redacted, as (46).

(*Id.*, PageID.105–106.) Notwithstanding their objections, Defendants ultimately produced unredacted strip search forms (for strip searches performed by the named Defendants) dating from August 2016 through March 2019.

II

Both parties filed motions regarding this discovery dispute. Hickman filed a motion to compel discovery, asking the Court to order Defendants to produce the material listed in Request for Production No. 26. (*See* Pl.'s Mot. to Compel Discovery, ECF No. 17.) Defendants then filed a motion seeking a protective order that no additional strip search forms need be produced. (*See* Defs.' Mot. for Protective Order, ECF No. 21.)

The Magistrate Judge issued three orders to address the parties' motions. The net effect of the Magistrate Judge's orders was: (1) Defendant City of Westland was ordered to produce strip search forms (for strip searches performed by the named Defendants) dating back from December 26, 2008 (ten years before Hickman filed his Complaint), (2) Defendant City of Westland was ordered to redact the names of all arrestees from the forms, and (3) Hickman and Defendants were ordered to share equally in the cost of production of these materials. (*See* Order Granting Pl.'s Mot. to Compel, ECF No. 28; Amended Order Granting Pl.'s Mot. to Compel, ECF No. 31; Order Denying in Part and Granting in Part Defs.' Mot. for a Protective Order, ECF No. 32.)

**III**

Both parties have filed timely objections to the Magistrate Judge's orders. Defendants object that the Magistrate Judge should not have ordered that the additional strip search forms be produced. (*See* Defs.' Objections to Magistrate Judge Order No. 31, ECF No. 33; Defs.' Objections to Magistrate Judge Order No. 32, ECF No. 35.) Hickman objects that the Magistrate Judge did not go far enough – Hickman argues that the names of the arrestees should not be redacted from the strip search forms ordered to be produced. (*See* Pl.'s Objections to Magistrate Judge Orders No. 28 and 31, ECF No. 34, PageID.363; Pl.'s Objections to Magistrate Judge Order No. 32, ECF No. 36, PageID.419–425.) Hickman also argues that the Magistrate Judge should not have ordered Hickman to share the costs of the ordered production. (*See id.*)

The Court held a telephonic hearing on the parties' objections on April 7, 2020.

For the reasons explained at length on the record, **IT IS HEREBY ORDERED** that Hickman's objections (ECF Nos. 34 and 36) to the Magistrate Judge's orders are **OVERRULED** and that Defendants' objections (ECF Nos. 33, 35) to the Magistrate Judge's orders are **SUSTAINED**. Defendants shall not be required to produce any additional strip search forms. However, Hickman may file a renewed motion to compel not later than **30 DAYS** prior to the dispositive motion

5

deadline if, through further investigation, he has developed a basis – as explained by the Court on the record – for seeking the records.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 8, 2020


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764